TYSON, Judge.
Sandy Ray Tucker was convicted of robbery in the first degree in September, 1981 and was sentenced to 20 years’ imprisonment in the penitentiary. Tucker was represented by the Honorable Perry Holloway at trial.
Tucker’s conviction was appealed to this court. On appeal Tucker was represented by the Honorable Mac Borland. However, Tucker’s appeal was dismissed by this court at his own request.
In January, 1985, Tucker filed a petition for writ of error coram nobis in the Houston County Circuit Court alleging the ineffective assistance of counsel. A hearing was held on said petition and, afterwards, the petition was denied. Hence, this appeal.
I
Tucker claims he was denied effective assistance of counsel because (1) Holloway did not allow a certain witness, Tim Oliff, to testify at trial; (2) Holloway “did not consult with him sufficiently to allow for effective representation”; (3) He “was not adequately informed of the decision with respect to the decision to dismiss his appeal.”
At the hearing on Tucker’s petition, Tucker testified that Oliff was with him on the night of the alleged robbery. Oliff stated that he was with Tucker on the night in question. He asserted that Tucker did not commit the robbery.
Holloway testified that he talked to Oliff prior to Tucker’s trial and he issued a subpoena for Oliff. However, Holloway decided not to call Oliff as a witness because of Oliff's extensive prior criminal record.
Holloway felt that Oliff’s testimony would hurt more than help because of Ol-iff’s status as a co-defendant.
Tucker was informed by Holloway of his decision not to call Oliff as a witness and the reasons for this decision. Tucker testified at trial that he did not commit this robbery.
“Although an ‘accused has the ultimate authority to make certain fundamental decisions regarding the case’, Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983), an accused does not have a constitutional right to direct matters of strategy. See generally W. LaFave and J. Israel, Criminal Procedure § 11.6 (1984). Whether to call a certain witness is generally a matter of trial strategy.
“The decision not to call a particular witness is usually a tactical decision not constituting ineffective assistance of counsel. Goodman v. State, 387 So.2d 862 (Ala.Cr.App.), cert. denied, Ex parte Goodman, 387 So.2d 864 (Ala.1980). ‘Defense counsel’s failure to call certain witnesses is not sufficient grounds for a Sixth Amendment claim.’ United States v. Hughes, 635 F.2d 449, 453 (5th Cir.1981). ‘This Court will not second-guess tactical decisions of counsel in deciding whether to call certain witnesses.’ United States v. Long, 674 F.2d 848, 855 *482 (11th Cir.1982). Oliver v. State, 435 So.2d 207, 208-09 (Ala.Cr.App.1983).”
Falkner v. State, 462 So.2d 1040, 1041-42 (Ala.Crim.App.1984).
Holloway’s decision not to call Oliff was certainly reasonable under the circumstances.
Tucker testified that he only saw Holloway once for about ten minutes prior to his trial. Holloway stated that he talked with Tucker enough to get all the details concerning the alleged crime and a list of witnesses. He said that he also saw Tucker and talked with him at his arraignment and his youthful offender hearing. Holloway said he also talked to Oliff and Tucker’s family. He testified he did everything he could for Tucker.
“Brevity of time spent in consultation, without more, does not establish that counsel was ineffective. Easter v. Estelle, 609 F.2d 756 (5th Cir.1980). Thus, it is not enough for Griffin to allege that counsel only met with him once before trial ‘as long as counsel devoted sufficient time to ensure an adequate defense and to become thoroughly familiar with the facts of the case and the law applicable to the case.’ Easter v. Estelle, 609 F.2d at 759.”
Griffin v. Wainwright, 760 F.2d 1505, 1511 (11th Cir.1985).
On his appeal of his robbery conviction, Tucker was represented by Borland. At the same time, Holloway was representing Tucker on another robbery charge. After talking with the district attorney, Holloway told Tucker that, if he would plead guilty to the pending robbery charge and drop his appeal on his robbery conviction, the State would recommend a 20 year sentence to run concurrently with the initial robbery conviction.
Tucker asked Borland if he could receive more time if his robbery conviction was reversed. Borland replied that he could get life imprisonment in the event he was retried on the robbery charge. Tucker was also told he could get life imprisonment on the second robbery charge.
Holloway said that Tucker decided to dismiss his appeal after being informed of the above facts.
Thus, it seems clear to this court that Tucker’s decision to dismiss his appeal of his robbery conviction was one on which he was well-informed.
Tucker has failed to show that his counsel’s performance was deficient. Thus, he has not met his burden on either prong of establishing inadequate representation under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Tucker’s petition for writ of error coram nobis was properly denied.
This cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.