A writ of certiorari was granted to review the capital murder conviction of Aaron Lee Jones. Jones was initially convicted of capital murder in the double slaying of Willene and Carl Nelson in 1979 and was sentenced to death by electrocution. That judgment was reversed under the authority of Beck v. Alabama,447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). See Jonesv. State, 403 So.2d 1 (Ala.Crim.App. 1981). Jones was reconvicted by a Blount County jury on December 10, 1982, and was again sentenced to death in a separate sentencing hearing shortly thereafter. He appealed to the Court of Criminal Appeals, which remanded the case to the trial court for further findings regarding mitigating circumstances surrounding the crime. After reconsidering the evidence, the circuit judge found that no mitigating factors existed in the commission of the crime, and that the aggravating factors justified the imposition of the death penalty. The judgment was affirmed by the Court of Criminal Appeals on return to remand and rehearing was denied.
Jones raises three issues. First, he claims that the trial court erred in refusing to strike a particular juror for cause. Second, he claims that evidence of prior convictions was admitted into evidence without a proper predicate. Third, he argues that the trial court ignored evidence of mitigating circumstances.
As to the failure to strike juror Joan Marsh for cause, the record indicates that this juror was ultimately struck by the State. Having the questionable juror struck by the State left Jones in a better position than he would have been in had the trial court granted his challenge for cause, because it left the State with one less strike. Any possible error here would clearly be harmless.
Jones's argument that evidence of his prior convictions was admitted in the sentencing phase without a proper predicate is also without merit. This evidence, which consisted of certified trial docket sheets from Jefferson County, was admitted to prove, as an aggravating circumstance, that Jones had been previously convicted of a violent felony. As the opinion of the Court of Criminal Appeals explains, where a defendant admits prior convictions under oath the State is relieved of its normal burden of proof regarding the prior convictions.Coulter v. State, 438 So.2d 336, 348 (Ala.Cr.App.), aff'd,438 So.2d 352 (Ala. 1983). Jones admitted the prior convictions during the guilt phase of his trial. His attorney mentioned these crimes to the *Page 555 
jury during his opening statements in the sentencing phase of the trial, and Jones also admitted their commission during direct examination in that phase.
Jones's final argument is likewise ill-founded. He claims that the circuit judge ignored the mitigating factors surrounding the crime and pointed out only aggravating factors in his sentencing order on remand. The circuit judge found that the aggravating circumstances were:
 "1. The defendant was previously convicted of a felony involving violence to the person;
 "2. The defendant knowingly created a great risk of death to many persons;
 "3. The capital offense was committed while the defendant was engaged or was an accomplice in the commission of, or in an attempt to commit robbery;
 "4. The capital felony was especially heinous, atrocious or cruel."
After reviewing the evidence, the circuit judge concluded that there were no mitigating factors to be considered in sentencing. Jones claims that he was intoxicated at the time and that the other culprit involved, Arthur Giles, made him do it. Although Charlie Nelson, a victim of the crime who was 11 years old at the time, testified that he thought Jones was intoxicated and that he heard Arthur Giles tell Jones what to do, we find that it was not improper for the trial court to conclude that these did not constitute mitigating factors under the circumstances. Ala. Code 1975, § 13-11-7, sets out the statutory mitigating circumstances to be considered by the judge in sentencing.[1] The judge considered these factors and found none of them applicable in this case. In reviewing the record, he found no other factors that would weigh against the four aggravating circumstances. He concluded that the evidence was sufficient to uphold the jury verdict and imposed a sentence of death.
Having considered the petition, the briefs, the opinion below, and the record itself, we are of the opinion that the judgment of the Court of Criminal Appeals is due to be, and it is hereby, affirmed.
AFFIRMED.
All of the Justices concur.
[1] This Code provision, applicable at the time of the offense, has been superseded by § 13A-5-51. *Page 1383