BOWEN, Presiding Judge.
In 1985, Howard McDougal was convicted of first degree assault and sentenced to the maximum term of twenty years’ imprisonment. That conviction was reversed on appeal. McDougal v. State, 488 So.2d 15 (Ala.Cr.App.1986). In 1986, McDougal pleaded guilty, was convicted of assault in the first degree, and sentenced to fifteen years’ imprisonment. That conviction was not appealed. In 1987, he filed a petition for writ of error coram nobis, which was denied after an evidentiary hearing.
On this appeal from the denial of his petition, McDougal argues that his conviction should be reversed because, in plead *898 ing guilty, he was incorrectly informed of the minimum range of punishment due to his counsel’s ineffectiveness. Although we find that McDougal was not informed of the correct minimum sentence, we affirm the denial of the coram nobis petition.
In denying the petition, the circuit court held:
“This cause coming before the Court on the Petition for Error Coram Nobis filed by the defendant, Howard McDougal, and the same being set for hearing on the 2nd day of September, 1987, and with the defendant, Howard McDougal, being present with his attorney, Marcel Black, and testimony and evidence being taken, the Court makes the following findings:
“1. It is stipulated between the defendant and the prosecutor that at the sentencing hearing on September 8, 1986, that the defendant was informed that the minimum sentence that he could receive if he was found guilty by a jury would be ten (10) years, and that the form for the Request to Enter a Guilty Plea contained the minimum sentence to be ten years, which the Judge read to the defendant in open court. The minimum sentence for the charge in this cause was two (2) years instead of ten (10) years.
“2. The Court further finds from the evidence that the form, the Request to Enter a Guilty Plea, was in error as to the minimum sentence that it contained; which should have been two years.
“3. The Court further finds from the evidence that the attorney, Larry D. Smith, who represented the defendant in this cause negotiated a settlement with the district attorney’s office, and the least sentence that he could negotiate was fifteen (15) years for a charge of Assault in the First Degree.
“4. The Court further finds from the evidence that the attorney that represented the defendant in this cause properly represented the defendant in negotiating a plea in this cause.
“5. The Court further finds from the evidence that the defendant had been previously convicted of Assault in the First Degree and was sentenced to twenty (20) years in the state penitentiary, which was reversed and remanded back to this Court for trial at which time he pled guilty to Assault in the First Degree and was sentenced to fifteen (15) years in the state penitentiary, which was a negotiated plea with the district attorney’s office of Colbert County.
“6. The Court further finds from the evidence that the attorney, Larry D. Smith, who represented the defendant in this cause properly advised Howard McDougal that the minimum sentence that he could negotiate with the district attorney’s office was fifteen (15) years.
“7. The Court further finds that the attorney, Larry Smith, properly investigated the case of Howard McDougal and he had no control over any cases being presented to the Grand Jury.
“8. The Court further finds from the evidence that the attorney, Larry Smith, effectively advised Howard McDougal and never coerced him into pleading guilty to a sentence of fifteen years.
“9. The Court further finds from the evidence that Larry Smith, the attorney representing the defendant, Howard McDougal, never advised the defendant that he would receive a sentence of two (2) years, and properly advised the defendant that if he was tried by a jury and found guilty that the sentence could be between 0 and 20 years.
“10. The Court further finds from the evidence that Larry Smith, the attorney representing Howard McDougal, fully advised him of the range of punishment that he would receive if tried and found guilty.
“11. The Court further finds from the evidence that even though the Request to Enter a Guilty Plea form was in error as to the minimum sentence, his attorney properly advised him that he could receive up to twenty (20) years if found guilty by a jury.
“12. The Court further finds from the evidence that the attorney, Larry Smith, representing the defendant, Howard McDougal, advised him that the district attorney would not accept a Second Degree Assault charge, and that the district *899 attorney would only accept a First Degree Assault charge with a sentence of fifteen (15) years and nothing less.
“13. The Court further finds that the attorney, Larry Smith, representing the defendant, Howard McDougal, properly investigated the case; visited the scene of the accident; discussed the case with the defendant many times, properly read and studied the prior transcript of the trial and researched the law in this cause.
“14. The Court further finds from the evidence that if the defendant was tried before a jury that he could have been found not guilty, he could have been found guilty of Second Degree Assault, which provided punishment from one year and one day to ten years or he could have been found guilty of Assault in the First Degree, which provided for punishment of two years to twenty years in the state penitentiary.
“15. The Court further finds from the evidence that the defendant, Howard McDougal, understood that his attorney, Larry Smith, did not advise him he would receive a minimum sentence in this cause, and further, the defendant did not prepare the petition for Error Coram No-bis in this cause.
“16. The Court further finds from the evidence by and through the defendant, Howard McDougal’s testimony in this case that his attorney, Larry Smith, did not coerce him or pressure him into entering a guilty plea in this cause.
“17. The Court further finds that the defendant, Howard McDougal, was fully informed of the charge and the sentence that would be imposed if he pled guilty in this cause by his attorney, Larry Smith.
“18. The Court further finds from the evidence that the error that was contained in the Request to Enter a Guilty Plea concerning the minimum sentence had no bearing on the defendant entering a guilty plea in this cause, and was harmless error, if anything, which did not violate the defendant’s Sixth Amendment rights in this cause.
“The Court considering these findings and other testimony that was taken in open court, it is therefore ORDERED, ADJUDGED AND DECREED by the Court that the Petition for Error Coram Nobis is denied.”
In Pratte v. State, 448 So.2d 502, 504 (Ala.Cr.App.1984), this Court held that where a defendant was incorrectly informed of his possible minimum period of imprisonment before he pleaded guilty, his case would be reversed and remanded. We distinguish Pratte from the case under review on two grounds. Pratte was a direct appeal and contained an allegation that the trial court did not follow a negotiated plea agreement.
In this post-conviction collateral review of the guilty plea, it appears that McDou-gal received exactly that for which he bargained. He should not now be permitted to complain because he has subsequently become dissatisfied.
The record contains no indication that McDougal requested the trial court that he be allowed to withdraw his guilty plea. Because he failed to present this error to the trial court in a timely manner, he is precluded from challenging his plea. Willis v. State, 500 So.2d 1324, 1325 (Ala.Cr.App.1986).
Under the facts of this case, McDougal has failed to show that his counsel was ineffective by demonstrating that counsel’s representation fell below an objective standard of reasonableness and that such failure resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “[I]n order to satisfy the ‘prejudice’ requirement, the defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.