Scott Gerald Kirby was indicted for theft, second degree, in violation of § 13A-8-4, Code of Alabama 1975. The appellant was then sentenced after entering a guilty plea. The trial court sentenced the appellant to two years' imprisonment in the state penitentiary and ordered the appellant to pay a victim's compensation assessment fee of $25.
On September 22, 1989, the court denied the appellant's motion to be treated as a youthful offender.
On September 25, 1989, a hearing was held in which the appellant entered a guilty plea. Prior to accepting the guilty plea, the trial judge asked the appellant: (1) whether he understood the rights that he was relinquishing by pleading guilty; (2) whether he discussed with his attorney concerning entering a guilty plea; and (3) whether he was pleading guilty because he was guilty. To all of these questions, he *Page 57 
responded, yes. A full Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), colloquy is contained in this record. Also the requirements of Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973), were met.
Also, during this hearing, the appellant's counsel sought to delay sentencing until an application for probation was filed. Unknown to the attorney, the application for probation had been completed by the appellant and was presently before the trial court. The application for probation was denied.
 I
The appellant contends that he was denied effective assistance of counsel. The appellant filed a pro se notice of appeal in which he stated that he was denied effective assistance of counsel because: (1) he had limited communication with his attorney; (2) he was wrongfully advised to plead guilty; and (3) his attorney was not aware that the appellant had applied for probation.
Under the standards of Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to prove ineffective assistance of counsel, the appellant must satisfy a two-prong test. The appellant must show: (1) that counsel's performance was so deficient as to fall below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defendant, which requires a showing that a different outcome would have resulted.
The appellant claimed he never conversed with his attorney over the telephone, and that the only time he saw his attorney was when he appeared in court. Even assuming this is correct, we find this claim to be without merit.
 " 'Brevity of time spent in consultation, without more, does not establish that counsel was ineffective. Easter v. Estelle, 609 F.2d 756
(5th Cir. 1980). Thus, it is not enough for Griffin to allege that counsel only met with him once before trial "as long as counsel devoted sufficient time to ensure an adequate defense and to become thoroughly familiar with the facts of the case and the law applicable to the case." Easter v. Estelle, 609 F.2d at 759.'
 "Griffin v. Wainwright, 760 F.2d 1505, 1511 (11th Cir. 1985)."
See Tucker v. State, 500 So.2d 480, 482 (Ala.Cr.App. 1986).
The appellant also challenges his guilty plea, alleging that his attorney wrongfully advised him to plead guilty. This court, in Willis v. State, 500 So.2d 1324
(Ala.Cr.App. 1986), held that the appellant's failure to present to the trial court the alleged error in his guilty plea by timely objection, a motion to withdraw the plea, or a motion for a new trial precluded the appellant from challenging that plea on direct appeal. "It is for the trial court, which accepted the plea, to consider and correct, in the first instance any error which may have been committed or any deficiency in the proceedings." Willis, 500 So.2d at 1324.
Further, the appellant failed to satisfy the prejudice requirement in Strickland. "In order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hillv. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370,88 L.Ed.2d 203 (1985); McDougal v. State, 526 So.2d 897, 899
(Ala.Cr.App. 1988). In the present case, the appellant failed to show that he would have changed his guilty plea had it not been for his counsel's error. He has failed to meet the Stricklandv. Washington standard.
We, therefore, find that the appellant was not denied effective assistance of counsel.
 II
The appellant contends that pursuant to § 12-22-240, Code of Alabama 1975, this court is required to examine all questions apparent on the record or reserved in the circuit court, and that it must enter *Page 58 
such judgment thereon as the law demands. This issue is without merit. This court is not required to search the record for error. See Rule 45B, A.R.A.P.
For the reasons stated above, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.