[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 931 
Spona Byrd was indicted on two counts of illegally disposing of hazardous waste without a permit in violation of §22-30-19(f)(2) and § 22-30-19(e)(2), Code of Alabama 1975. Subsequently, the appellant was convicted on both counts. The appellant was given a concurrent sentence of five years on each count and was ordered to serve one year of said sentence on the alternative sentencing program with the litter patrol in Mobile County. The balance of the sentence was suspended conditioned on the payment of $25.00 to the Victims' Compensation Fund and payment of a $3,000.00 fine to the Environmental Protection Agency.
The appellant, doing business as the Bay Oil Company, leased a lot located at 6600 Theodore-Dawes Road in Mobile, Alabama. The appellant and his company were in the business of collecting, storing, and reclaiming used oils from Mobile area businesses. After entering into a lease agreement with Mr. Jim Brown in 1984, the appellant moved two aboveground storage tanks and a boiler onto the premises and commenced operations.
In 1985, Mr. Brown began to experience problems with the appellant and his company; oily liquids contained in the two tanks routinely overflowed during hot weather. Mr. Brown prepared a new lease, which addressed these matters. However, in July 1986 the appellant stopped making his monthly rental payment and ceased business operations at the Theodore-Dawes Road site. After unsuccessfully attempting to persuade the appellant to remove the aboveground storage tanks from his property, Mr. Brown contacted the Alabama Department of Environmental Management (ADEM) in the summer of 1987. A laboratory analysis of the tank samples indicates that the liquid material contained therein constituted hazardous waste.
The property located at 6600 Theodore-Dawes Road was declared a superfund site pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) and was cleaned up by the Environmental Protection Agency.
In the course of investigating the above-referenced incident, state officials in April 1988 visited property located at Route 1, Box 210, Rabun Road in Theodore, Alabama. This site had previously been occupied by Bay Oil Company and contained two aboveground storage tanks filled with an oily liquid.
The appellant and his wife leased this property from Mr. Charles Harp through Mr. Harp's agent, Mr. Tommy Praytor of Praytor Realty Company. Mr. Praytor testified that the Byrds were evicted in February 1988 for failure to pay rent. The appellant assured Mr. Praytor that he would remove both tanks from the premises. However, the tanks were never removed.
On April 26, 1988, samples from each of these tanks were collected by ADEM field inspectors and sent to the ADEM laboratory *Page 932 
in Montgomery, Alabama, for analysis. The analysis indicated that the materials contained in the tanks at the Rabun Road site constituted hazardous waste.
 I
The appellant first contends that it was error to allow the State to introduce into evidence an administrative order from the United States Environmental Protection Agency (EPA). Specifically, the appellant contends 1) that the "terminology and law was based on Federal statutes and could only serve to confuse the jury," and 2) that the entire document contains the thoughts and conclusions of a Federal administrator who was not present to be cross-examined and thus constituted hearsay.
When the administrative order was first mentioned, appellant's counsel objected as follows:
 "MR. CUNNINGHAM: Your Honor, I'm going to object to anything further than that on this particular order. There is a lot of calculations and other things involved in this that I would object to coming in in this manner.
"THE COURT: I agree."
(R. 87.) This objection was only to "calculations" as being improper and thus waived all other grounds. The trial court will not be put in error on grounds not assigned at trial.Desimer v. State, 535 So.2d 238, 242 (Ala.Cr.App. 1988). Furthermore, the trial court agreed and sustained the objection.
Again, when the order itself was offered into evidence, the appellant objected to the aspects of the order which showed the materials to be hazardous based on factors other than ignitability. This specific objection waived all other grounds.Desimer, 535 So.2d 238.
Nonetheless, the relevance of the order was that it was made and seen by this appellant, and not for the truth of the statements contained therein. The appellant was charged with two counts of "intentionally, knowingly, or with criminal negligence treating, storing, or disposing of hazardous waste. . . ." In order to prove the intentional or knowing aspect of the crime, the State had to show that the appellant knew that he was dealing with hazardous waste. The fact that EPA had, in the order, informed him that the substances were hazardous showed that the appellant had the necessary scienter for the intentional or knowing aspects of the crime.
The admission of the administrative order was proper.
 II
The appellant contends that the legislation that created ADEM was not constitutionally enacted due to the failure of the Governor of Alabama to sign and deposit the bill creating ADEM with the Secretary of State within 10 days of final adjournment of the legislature.
The above-stated rule was made prospective from October 20, 1982, the date the Court of Criminal Appeals announced its decision in State v. Eley, 423 So.2d 303 (Ala.Crim.App.), cert. denied, 423 So.2d 305 (Ala. 1982). Because the statute creating ADEM was enacted on October 1, 1982, it cannot now be so challenged. Ex parte Coker, 575 So.2d 43 (Ala. 1990).
 III
The appellant contends that the charge in count one of the indictment was not proper because the punishment provision, § 22-30-19(f)(5), Code of Alabama 1975, does not state a minimum punishment. The section provides that punishment may include "imprisonment not to exceed 10 years. . . ." The Alabama Supreme Court has ruled that the failure of a statute to provide a minimum term of imprisonment resulting in a range of punishment which begins at the misdemeanor level and ends at the felony level is not unconstitutional. Newberry v. State,493 So.2d 995 (Ala. 1986).
Count two involved action occurring in 1988 and charged a crime under § 22-30-19(e)(2), Code of Alabama 1975 (successor to § 22-30-19(f)(2), after its amendment in 1987). This argument has no application to count two because § 22-30-19(e) provides *Page 933 
that punishment shall be subject to "a term of imprisonment of not more than 10 years nor less than one year and one day. . . ."
 IV
The appellant next argues that the charge in count one is a misdemeanor and that the applicable statute of limitations is thus one year. This court, in King v. State, 401 So.2d 226
(Ala.Cr.App. 1981) cert. denied, Ex parte King, 401 So.2d 236
(Ala. 1981), held that the applicable statute of limitations when the punishment falls into both the misdemeanor and felony range is that applicable to a felony where the act may be punished as such. See also Newberry v. State, 493 So.2d 995
(Ala. 1986). Because in this cause the range of punishment is up to 10 years, the felony statute of limitations applies.
The State proved that both crimes occurred within the limitations period for prosecuting felonies. An indictment was returned in the case on February 24, 1989, and the State presented evidence that the appellant disposed of hazardous wastes at 6600 Theodore-Dawes Road by abandoning the site late in 1986 when the appellant closed business operations at the premises.
As to count two, the evidence produced at trial revealed that the second act of disposal by abandonment occurred after the appellant was evicted from the Rabun Road site in February 1988. Furthermore, the offense of unlawful disposal of hazardous waste was continuous in both cases in that the appellant gave false assurances that he would return to the sites and properly dispose of the wastes at issue.
 V
Next the appellant questions whether the State proved "the necessary intent and a nexus between this defendant and the material tested." However, the appellant's contention is without legal merit. From a careful review of the record, it is apparent that the State demonstrated the statutory element of the offenses alleged.
 VI
The appellant next contends that the trial court erred by permitting the State to present evidence of three alleged incidents of wrongdoing. The State attempted to prove the occurrence of three related acts by the appellant
First, through the testimony of state investigator, Gary Allen, and ADEM Field Inspector, Edward Wolfe, the State presented evidence that during the time alleged in count one of the indictment, the appellant was engaged in a common plan or scheme of storing and disposing of hazardous waste. The evidence of these uncharged acts was admissible as exceptions to the general exclusionary rule because of their relevance to prove scienter or guilty knowledge. See Brewer v. State,440 So.2d 1155 (Ala.Cr.App. 1983).
This collateral misconduct was relevant and tended to show commission of the offenses charged other than by suggesting that he was more likely to be guilty because of his past misdeeds; therefore, this evidence is admissible. C. Gamble,McElroy's Alabama Evidence § 69.01 (3d ed. 1977).
Secondly, the appellant complains of testimony regarding a spill at Carlisle Road as to which no charges were ever filed. However, the appellant did not object to this testimony and therefore this issue is not preserved for appellate review. SeeFuller v. State, 472 So.2d 452 (Ala.Cr.App. 1985).
The appellant also complains of testimony by the ADEM field inspector, Mr. Wolfe, who attempted to testify to an incident where a large storage tank allegedly fell from a Bay Oil truck. Although the appellant moved the trial court to strike the testimony, he failed to obtain a ruling on this motion and therefore failed to preserve the issue for review. Hellums v.State, 549 So.2d 611 (Ala.Cr.App. 1989).
The appellant also argues that the trial court erred in allowing testimony about spillage which occurred at the Brookly Industrial Complex. Once the appellant objected to this evidence, the trial court *Page 934 
sustained his objection. However, the appellant failed to move the trial court to strike this testimony or give curative instructions to the jury; therefore, this issue is not preserved for review. Reeves v. State, 456 So.2d 1156
(Ala.Cr.App. 1984).
 VII
The appellant claims the trial court erred by failing to allow a severance of the charged crimes. Specifically, he contends that he was prejudiced by trying the two crimes together. However, he fails to cite any authority in support of this contention.
Although the two offenses alleged in the indictment were separated by more than one year, the evidence contained in the record demonstrates that the offenses were of the same or similar character, were based on the same conduct, and were part of a common plan or scheme. A.R.Crim. P.Temp. 15.3(a).
In this case we find that this appellant has failed to demonstrate the requisite specific and compelling prejudice as a result of the joint trial of the two indictments, especially in light of the fact that had the two cases been tried separately, in each trial evidence of the other charged crime would have been admissible under the plan, design, scheme, or system and identity exception to the general exclusionary rule.Nicks v. State, 521 So.2d 1018, 1025-28 (Ala.Cr.App. 1987), aff'd, Ex parte Nicks, 521 So.2d 1035 (Ala. 1988); cert. denied, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 948 (1988);Hinton v. State, 548 So.2d 547 (Ala.Cr.App. 1988), aff'd, Exparte Hinton, 548 So.2d 562 (Ala. 1988), cert. denied,493 U.S. 969, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989). Therefore, the trial court was correct in not allowing a severance.
 VIII
The appellant contends that the court erred in refusing to give his requested jury charge number 2. However, any error in the refusal to give charge number 2 has not been preserved for review. Rule 14, A.R.Crim.P.Temp., requires that counsel must state "the matter to which he objects and the grounds of his objections." Any error in the trial court's failure to give this written requested charge has not been preserved for review because counsel failed to state the grounds of his objections.Trawick v. State, 512 So.2d 818 (Ala.Cr.App. 1987).
For the reasons stated, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs in result only.