MONTIEL, Judge.
The appellant, Jeffery Clinton Hubbard, was indicted for the offense of attempted possession of marijuana in the first degree. At the end of the State’s case, the trial court granted the appellant’s motion for a judgment of acquittal as to the charge of attempted possession of marijuana in the first degree. The court submitted the case to the jury on the charge of attempted possession of marijuana in the second degree. The appellant was convicted of attempting to possess marijuana for personal use and was sentenced to 12 months in the county jail.
On August 17, 1990, police officer, James Eddie Sivils, was patrolling the area near Hyatt’s Market in Addison, Alabama. At trial, Officer Sivils testified that he observed the appellant and another man, Mark Hunt, standing at the rear of Hunt’s parked automobile. Sivils observed Hunt handing the appellant a brown paper bag and the appellant extending his hand with money in it. When the appellant and Hunt noticed Sivils they each “pulled back” and Hunt tossed the bag onto the top of his car. When Sivils drove up, he asked Hunt to show him what was in the bag. Hunt dumped the contents on top of the trunk. The bag contained a green leafy substance, which was later identified as marijuana. Sivils placed Hunt and the appellant under arrest.
The appellant testified at trial that he went to Hyatt’s Market to cash his paycheck. When he came out of the store, he saw Mark Hunt and walked over to him with the intention of repaying a loan. The appellant testified that after he had cashed his check, he put his money into his pocket and kept the check stub in his hand. He stated that when he walked up to Hunt, Hunt had a brown paper bag in his hand. As he was about to pay Hunt, the appellant saw Officer Sivils. The appellant stated that he did not attempt to give Hunt any money for marijuana and that he never gave Hunt any money.
The only issue raised by the appellant is that the trial court committed reversible error in denying his motion for a mistrial based on the district attorney’s allegedly improper questioning of the appellant. Specifically, the appellant argues that it was improper for the district attorney to refer to the appellant’s prior possession of marijuana or his prior conviction for possession of marijuana, regardless of how indirect the reference was. The appellant further asserts that based on the appellant’s motion in limine, which was granted, the district attorney was not to mention the appellant’s prior conviction but that he nevertheless kept alluding to it and making *1269 reference to the fact that the appellant may have been in possession of marijuana on a prior occasion.
During the direct examination of the appellant by his attorney, the appellant was asked the following questions:
“Q. At any time did you in fact give Mark Hunt any money?
“A. No, sir, I did not.
“Q. At any time did you have in your possession the marijuana as State’s Exhibit 2A or* any marijuana?
“A. No.
“Q. At any time were you attempting to get it in your possession?
“A. No, sir.
“Q. Did you have any other reason for talking with Mark Hunt there in the parking lot other than to pay him back money you had borrowed?
“A. No, sir.”
The district attorney on cross-examination asked the appellant the following questions:
“Q. Again, I don’t want to put words in your mouth. I just — you also answered in response to Mr. Cook’s question at any time had you had in your possession any marijuana?
“A. No.
“Q. Are you talking about that day?
“MR. COOK: The question was limited to that day.
“MR. TIDWELL: That’s what I wanted to clarify: It wasn’t limited to that day?
“THE WITNESS: No, Sir, not at any time.
“MR. COOK: There was an objection posed.
“THE COURT: Overruled the objection.
“Q. Not at any time?
“A. (Witness nods head affirmatively.)
“Q. When you answered Mr. Cook’s question at any time, had you?
“A. Would you repeat the answer.
“Q. When Mr. Cook asked you at that time had you ever had in your possession any marijuana, you responded not at any time; were you referring to that date?
“MR. COOK: Judge, that’s a misstatement of my question, I’d ask the court reporter to read the question back.
“THE COURT: Overruled.
“A. No sir, I did not.
“Q. I’m not sure you understand my question.
“MR. COOK: Could we approach the bench.
“(Bench conference, off record.)
“THE COURT: Sustained the objection.
“Q. When Mr. Cook asked you on that occasion on direct examination this or this in effect, and I may have written it down wrong but this is the way I thought he asked it. At any time had you ever had in your possession any marijuana?
“MR. COOK: I object. That’s not the question that was asked.
“THE COURT: Sustained.”
“Q. Whatever this question was that he asked you with reference to your possession of marijuana, did you understand him to be referring — and you said not at any time — were you talking about that day?
“A. Yes, sir.
“MR. COOK: May we approach the bench. (Bench conference, off record.)”
Appellant’s counsel then moved for a mistrial, and the trial court denied the motion. While the district attorney’s questioning of the appellant may have been improper, we believe the trial court correctly denied the appellant’s motion for mistrial. Recently, in a case where the defendant argued that the trial court erred in allowing certain testimony into evidence, this court held: “Once the appellant objected to this evidence, the trial court sustained his objection. However, the appellant failed to move the trial court to strike this testimony or give curative instructions to the jury; therefore, this issue is not preserved for review.” Byrd v. State, 588 So.2d 929, 933-934 (Ala.Crim.App.1991).
Furthermore, in. another case before this court, the defendant argued that certain testimony was too prejudicial and that the trial court’s instructions were not sufficient to erase the testimony from the minds of the jurors. This court held:
“ ‘Because appellant’s objection was sustained by the trial court and the jury *1270 instructed to disregard the answer, there was no reversible error. [Citation omitted.] After the appellant’s objection was sustained, his counsel requested no further curative action. There was therefore, no adverse ruling of which to complain here on appeal.’ Chesson v. State, 435 So.2d 177 (Ala.Crim.App.1983).”
Lauderdale v. State, 555 So.2d 799, 802 (Ala.Crim.App.1989).
In this case, the trial court twice sustained the appellant’s objection. However, the appellant failed to request the trial court to take curative action or to strike the testimony. Hence, there was no adverse ruling in the trial court of which the appellant may now complain on appeal.
The appellant received a fair trial. The judgment of the Winston County Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.