JAMES H. FAULKNER, Retired Justice.
Henry Lewis Cosby was indicted for the offense of capital murder, in violation of § 13A-5-40(a)(13), Code of Alabama 1975. The jury found Cosby guilty of capital murder as charged in the indictment. During the sentencing phase of the State’s case against Cosby, the jury recommended that Cosby receive a sentence of life imprisonment without possibility of parole term. The trial court subsequently sentenced Cosby to imprisonment for life without the possibility of parole.
Cosby contends that his constitutional rights were violated because his trial counsel provided ineffective assistance at trial.
Prior to the commencement of his trial, Cosby expressed some concern over the representation he was receiving in the case. Trial counsel alerted the judge to the problem and moved to withdraw as counsel for Cosby. The court conducted a lengthy examination of Cosby and Cosby’s trial counsel and denied the motion to withdraw. The trial commenced, and Cosby was found guilty of capital murder and was sentenced to life *1058 imprisonment without the possibility of parole.
On January 13, 1992, Cosby filed a motion asking the court to grant him leave to amend his motion by adding new and separate grounds that might include questions of the competency of Cosby’s trial counsel. The trial court granted Cosby’s motion for leave to amend his motion for new trial and ordered that Cosby be granted 14 days from completion of the transcript within which to amend his motion for new trial by adding additional grounds.
According to a minute entry, Cosby filed a second motion for new trial on April 3, 1992, and the court set Cosby’s motion for new trial for hearing on April 23, 1992. The record on appeal does not contain either Cosby’s motion for new trial filed on April 3, 1992, or a transcript of the hearing held on April 23, 1992.
Cosby argues on appeal that he was denied effective assistance of counsel at trial because trial counsel failed to object to improper jury instructions given by the trial court at the conclusion of the guilt phase and of the penalty phase of the trial.
Because we cannot review this issue without a complete record, this case is remanded with directions that the trial court include in the record on appeal Cosby’s motion for new trial filed on April 3, 1992, together with a transcript of the hearing on Cosby’s motion for new trial held on April 23, 1992. If the hearing held on April 23, 1992, did not address Cosby’s claim of ineffective assistance of trial counsel, the trial court is to conduct a hearing on Cosby’s claim of ineffective assistance of trial counsel based upon trial counsel’s failure to object to allegedly improper jury instructions given by the trial court at the conclusion of the guilt and of penalty phases of the trial.
The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 90 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
The parties, of course, have not relinquished their respective positions regarding the other issues raised on appeal, and this court reserves comment on them until the trial court complies with the directions contained herein and until a proper return is made to this court. Upon due return, the appellant shall have seven days in which to file a supplemental brief. The appellee shall have seven days from the filing of the appellant’s supplemental brief or from the expiration of the time herein provided for the filing of a supplemental brief by the appellant, in the event the appellant files no brief, to file a supplemental brief in this case.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
REMANDED WITH DIRECTIONS.
All the Judges concur except BOWEN, J., who dissents with opinion.