The appellant, Gerald Bamberg, was convicted of the unlawful distribution of a controlled substance, marijuana, a violation of § 13A-12-213, Code of Alabama 1975. He was sentenced to 15 years in prison.
The state's evidence tended to show that on November 18, 1989, John Wayne Smith purchased $30 worth of marijuana from the appellant. Smith was a volunteer who worked with several law enforcement officers in purchasing illegal substances. Before Smith went to the appellant's house, he was searched and a body mike was placed on his person. Police monitored the drug transaction between Smith and the appellant.
 I
The appellant first argues that the trial court erred in allowing the prosecution to ask certain questions during the jury selection process. During voir dire the prosecution asked the prospective jurors whether they knew several individuals. The appellant maintains in his brief on appeal that the individuals about whom the question was asked were people who were on the same trial docket as the appellant and were known to be drug dealers. However, when this questioning occurred, no objection was made to the trial court. There does appear to have been an off-the-record discussion after this questioning took place, but that discussion was not made part of the record on appeal.
This court has appellate jurisdiction only. Trawick v. State,431 So.2d 574 (Ala.Cr.App. 1983). We cannot consider matters on appeal that have not first been presented to the trial court for its determination. Cagle v. State, 504 So.2d 1225
(Ala.Cr.App. 1987); Dossey v. State, *Page 452 489 So.2d 662 (Ala.Cr.App. 1986); Harris v. State, 420 So.2d 812
(Ala.Cr.App. 1982); Evans v. State, 410 So.2d 143
(Ala.Cr.App. 1981). Further, if in fact the off-the-record discussion did concern the issue the appellant now raises, it was the appellant's duty to make a complete record on appeal.Holder v. State, 584 So.2d 872 (Ala.Cr.App. 1991).
Moreover, even if this issue was properly before us, we fail to see how this line of questioning could have prejudiced the appellant. During the questioning of the venire, the individuals were not identified as "drug dealers." No error occurred here that could possibly have affected the appellant's "substantial rights." Rule 45, A.R.App.P.
 II
The appellant next argues that the trial court erred in allowing the prosecution to ask John Wayne Smith the following questions.
 "Q [Prosecution] — Had you been there [the appellant's house] before, sir, at the request of law enforcement?
"A — One time.
 "Q — You let them know what you found when you went there?
"A — Yes, sir.
 "[Defense counsel]: Your Honor, I object. May we approach the bench, please?
 "(Whereupon an off-the-record discussion was held at the bench between Counsel and the Court.)"
"Q — And on this occasion, sir, when you. . . ."
From the above dialogue, we do not know what the ground for the objection was or what the trial court's ruling on the objection was. "An adverse ruling by the trial judge is prerequisite for preserving an alleged error in a criminal trial for appellate review." Nept v. State, 589 So.2d 801
(Ala.Cr.App. 1991); Story v. State, 588 So.2d 948
(Ala.Cr.App. 1991). Further, the objection was not timely because both questions had been answered before the objection was made. Reeves v. State, 456 So.2d 1156 (Ala.Cr.App. 1984). Nothing has been preserved for our review.
 III
The appellant next argues that the trial court erred in failing to strike a witness's response to a question asked of him on cross-examination by defense counsel. Defense counsel was asking one of the law enforcement officials to detail an investigative fee of $100 that was listed on a report made by the police department. After counsel had been questioning this witness for several minutes about the $100 fee, the following occurred:
 "Q [Defense Counsel] — Wiring everything up; you mean wiring up Mr. Smith?
 "A — Wiring up Mr. Smith like at 1:50. We had three agents at roughly $10 a piece. We had two vehicles. We had around $5,000 worth of electronic equipment, excluding the radio. Wear and tear on vehicles. Plus, this was not the first time that we had been involved in working something with Mr. Bamberg.
 "Defense counsel: Your Honor, I object, and ask that be stricken from the record.
 "The Court: You asked him what it [the fee] is and to explain it."
The witness's response was a valid answer to a question posed by defense counsel. If in fact the jury did view the witness's response as a reference to past criminal conduct on the part of the appellant, we cannot hold that reversible error occurred here. The appellant cannot invite error and seek to profit by it. "[A] party cannot allege as error proceedings in the trial court that were invited by him or were a natural consequence of his own action." Fountain v. State, 586 So.2d 277, 282
(Ala.Cr.App. 1991).
 IV
The appellant next argues that the trial court erred in denying his motion for mistrial made after an allegedly improper argument by the prosecution in his closing argument. The appellant maintains that the prosecution, at one point in his closing *Page 453 
argument, called the appellant an "identified drug dealer." Though the closing argument was not transcribed, after an objection was made the trial court overruled the objection and stated that the prosecution's comment was in effect a permissible inference from the evidence presented at trial. " 'Whatever is in evidence is considered subject to legitimate comment by counsel.' " Williams v. State, 601 So.2d 1062
(Ala.Cr.App. 1991). The prosecutor may also argue any legitimate inferences which may be drawn from the evidence. Williams.
Furthermore, the trial court instructed the jury that any comments made by counsel were not to be considered as evidence. No reversible error occurred here.
 V
The appellant next argues that his trial counsel was ineffective. Appellate counsel was appointed after the motion for new trial had been denied by the circuit court. Thus, appellate counsel did not have an opportunity to raise this issue in the circuit court. Ineffective assistance of counsel claims must first be raised in the trial court before it can be considered by this court on appeal. Dossey v. State,489 So.2d 662 (Ala.Cr.App. 1986).
However, if appellate counsel is different than trial counsel, the issue of ineffective assistance of trial counsel can be raised for the first time in a post-trial motion, i.e., motion for new trial. Ex parte Jackson, 598 So.2d 895
(Ala. 1992). As the Alabama Supreme Court stated in Jackson:
 "If newly appointed counsel files a motion with the court within 14 days after his appointment, requesting that the running of the time within which to file a motion for a new trial be suspended until such time as the reporter's transcript is prepared and filed, then in that event, the 30-day period within which to file a motion for new trial shall be computed from the date of the pronouncement of sentence, as provided for in Rule 24, A.R.Crim.P."
Jackson was released almost two months after the appellant was appointed new counsel on appeal. But the appellant is not precluded from raising this claim of ineffective assistance of counsel in a petition for post-conviction relief under Rule 32, A.R.Crim.P., because he will have had no opportunity to raise this issue before to any post-conviction proceeding.
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.