627 So.2d 1059 (1993)
Henry Lewis COSBY
v.
STATE.
CR-91-1045.
Court of Criminal Appeals of Alabama.
June 18, 1993.
Rehearing Denied August 13, 1993.
Certiorari Denied December 3, 1993.
*1060 Robert B. Tuten, Huntsville, for appellant.
James H. Evans, Atty. Gen., and Stephen N. Dodd, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1921774.

ON RETURN TO REMAND
MONTIEL, Judge.
Henry Lewis Cosby, the appellant, was charged by indictment with violating § 13A-5-40(a)(3), Code of Alabama 1975, which makes capital a "[m]urder by a defendant who has been convicted of any other murder in the 20 years preceding the crime." At the conclusion of his trial, Cosby was found guilty. The jury recommended that he be sentenced to life imprisonment without the possibility of parole. The trial court adopted this recommendation and sentenced Cosby. He appeals.
On August 21, 1992, this court remanded this cause with instructions that the trial court include in the record Cosby's motion for a new trial along with a transcript of the hearing on that motion. 627 So.2d 1057. This having been done, we now review the merits of Cosby's arguments on appeal.

I
Cosby argues initially that his trial counsel was ineffective.
An attorney is presumed to have provided adequate representation to his client. Dill v. State, 484 So.2d 491 (Ala.Crim.App. 1985); Carroll v. State, 462 So.2d 789 (Ala. Crim.App.1984). To rebut this presumption, an appellant must show that the attorney's representation fell below an objective standard of reasonableness; and that the outcome *1061 of his trial would have been different but for the attorney's inadequacy. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Spinks v. State, 564 So.2d 1043 (Ala.Crim.App.1990).
Immediately before trial, Cosby requested new counsel. He complained that he had seen his attorney only once. The trial judge proceeded to question Cosby about the assistance counsel had provided him. In response, the appellant indicated that trial counsel had informed him of his alternatives and of the potential consequences of each alternative. The judge then denied the request for new counsel.
In Kirby v. State, 563 So.2d 56 (Ala.Crim. App.1990), this court held that where a defendant merely stated he had seen his attorney only in court, the defendant had failed to establish that the attorney's performance was ineffective. Therefore, Cosby's argument, which is based upon his limited contact with his trial attorney, is not persuasive.
After his trial, Cosby was appointed a new attorney for purposes of appeal. This attorney filed a motion for a new trial, alleging that trial counsel had not provided effective assistance. In support of this allegation, Cosby stated that his trial attorney failed to object to two misstatements in the trial judge's instructions to the jury.
At trial, the judge gave the following instruction to the jury:
"Finally, if the defendant fails to prove beyond a reasonable doubt the charge of murder, then you must determine whether the State proved beyond a reasonable doubt the charge of manslaughter."
This instruction is clearly incorrect, because the burden of proof is on the prosecution. Dolvin v. State, 391 So.2d 133 (Ala.1980).
At the conclusion of the penalty phase of the trial, the judge gave the following instruction to the jury:
"The law of this State provides that the punishment for a capital offense for which you have convicted this defendant is either death by electrocution or life imprisonment with the possibility of parole."
This instruction is also incorrect. The possible sentences in a capital case are death by electrocution or life without the possibility of parole. Ala.Code 1975, § 13A-5-46(e).
It is true that trial counsel failed to object to these instructions. However, a defendant is not entitled to an error-free trial, and the mere fact that trial counsel made a mistake is not enough to show that his performance was ineffective. Saffold v. State, 570 So.2d 727 (Ala.Crim.App.1990). Also, as the State points out in its brief, the trial judge correctly instructed the jury as to the burden of proof 17 times and he correctly referred to the possible penalty as being life without parole 26 different times.
We conclude that counsel's failure to object to the incorrect instructions was harmless and did not render his representation ineffective. The appellant was not denied the effective assistance of counsel.

II
Cosby also contends that evidence of his prior conviction for murder was improperly admitted. In this case, Cosby's prior conviction was proven by the introduction of a certified copy of the record. Cosby argues that this was insufficient. We recognize that in Lidge v. State, 419 So.2d 610 (Ala.Crim. App.), cert. denied, 419 So.2d 616 (Ala.1982), this court stated that "certified copies may not be used to prove the acts constituting the offense itself without calling any witness at all." However, in this instance, the State is not attempting to prove that Cosby had committed a prior murder, only that he had a prior conviction for murder within 20 years preceding this offense, which is an element of § 13A-5-40(a)(13). See also, Jones v. State, 520 So.2d 543 (Ala.Crim.App.), aff'd, 520 So.2d 553 (Ala.1984), cert. denied, 488 U.S. 871, 109 S.Ct. 182, 102 L.Ed.2d 151 (1988).

III
Cosby also alleges that the trial court erred in refusing to allow him to conduct a thorough cross-examination of David Cosby, a witness for the State. The extent of cross-examination is within the trial judge's discretion and his decision will not be disturbed without a showing of an abuse of that discretion. Morgan v. State, 589 So.2d 1315 (Ala.
*1062 Crim.App.1991); Hooper v. State, 585 So.2d 142 (Ala.Crim.App.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1295, 117 L.Ed.2d 517 (Ala.1992). In this case, David Cosby made a statement to the police that tended to incriminate Cosby. Cosby argues that David Cosby was a fugitive from justice and his statement was motivated by a desire to protect himself. Cosby wanted to cross-examine David Cosby as to why he had moved to Memphis, Tennessee. Although the trial judge refused to allow this specific line of questioning, he did allow questions that showed that David Cosby was a fugitive from justice. He also allowed Cosby to ask David if his statement was truthful and if it was motivated by a desire to avoid trouble with the police. In this manner, the jury received the information that Cosby wanted to elicit. There was, therefore, no error in limiting the scope of the cross-examination of David Cosby.

IV
Cosby next argues that the court erred by allowing the prosecutor to use his peremptory strikes to eliminate blacks from the jury, in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In order to prove a Batson violation, the defendant has the initial burden of establishing a prima facie case of discrimination. If this burden is met, the prosecutor must then present race-neutral reasons for his peremptory strikes. However, where the prosecutor's reasons are presented in the record, the court will presume that the defense established a prima facie case and proceed to evaluate the offered explanations. Currin v. State, 535 So.2d 221 (Ala.Crim. App.), cert. denied, 535 So.2d 225 (Ala.1988). Here, the prosecutor justified his peremptory strikes as follows:
M.G.The prosecutor had previously prosecuted her husband, who was represented by defense counsel in that prosecution.
D.J.He knew both the defendant and the victim. He also knew relatives of the victim.
S.P.The prosecutor knew her and felt that she was immature. She was also related to an individual who had been murdered and stated that she would be uncomfortable on the jury.
A strike based on the State's prior prosecution of a juror's relative is race-neutral. Johnson v. State, 512 So.2d 819 (Ala.Crim. App.1987). The peremptory strike of a juror who knows the defendant is race-neutral. Thomas v. State, 520 So.2d 223 (Ala.Crim. App.1987). The fact that an individual indicated that she might have problems being on the jury is a race-neutral reason for removing her from the venire. Kelley v. State, 602 So.2d 473 (Ala.Crim.App.1992). In light of these rulings, we find that the court was correct in finding that questioned strikes were based on race-neutral reasons.

V
The appellant's final claim of error involves the previously mentioned jury instructions. It is clear that the trial judge gave improper instructions as to the burden of proof and as to the possible sentences the jury could recommend. But, as the appellant admits, no objection was made to these errors. It is well established that, in order to preserve an assignment of error for appellate review, the alleged error must first be presented to the trial court. Bamberg v. State, 611 So.2d 450 (Ala.Crim.App.1992); Byrd v. State, 588 So.2d 929 (Ala.Crim.App.1991). However, even if these errors had been preserved for review, we would conclude that they were harmless because the trial judge remedied his misstatements with his numerous correct statements of both the burden of proof and the possible sentences. The judgment of the trial court is therefore affirmed.
AFFIRMED.
BOWEN, P.J., and McMILLAN and PATTERSON, JJ., concur.
TAYLOR, J., concurs in result only, with opinion.
TAYLOR, Judge, concurring in result only.
I disagree with the holding of the majority in part III of its opinion that the "extent of cross-examination is within the trial judge's discretion and his decision will not be disturbed without a showing of an abuse of that discretion." I do not consider the law of *1063 evidence has deteriorated into a matter of the court's discretion. The scope of cross-examination is not merely a matter to be left to the sound discretion of the trial judge, as some cases may seem to say, but is a matter controlled by law. C. Gamble, McElroy's Alabama Evidence § 136.01 (4th ed. 1991). See Hammock v. State, 612 So.2d 545 (Ala. Cr.App.1992).
Section 12-21-137, Code of Alabama 1975, states, in pertinent part:
"The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him...."
See also Ala. Const. 1901, Article I, § 6:
"[T]he cross-examining party has the absolute right on cross-examination, not only to inquire as to matters relevant to the issues... but also to inquire into the conduct and circumstances of the witness which have measurable bearing upon his credibility. This right to a party to have thorough and sifting cross-examination is provided by statute."
C. Gamble, McElroy's Alabama Evidence § 136.01 (4th ed. 1991).
Although I disagree with the majority's statement characterizing the extent of cross-examination as being solely within the discretion of the trial court, I agree with the result reached by the majority. Under the circumstances of this case, the error addressed here was harmless.