42 So.2d 27

**In re OPINION OF THE JUSTICES.**
**No. 104.**

Supreme Court of Alabama.
Aug. 5, 1949.

Opinion of the Justices of the Supreme Court in response to questions propounded by the House of Representatives under Code 1940, Tit. 13, § 34, as to time within which the Governor must return a bill to the Legislature in order to prevent its becoming a law without his approval and signature, in view of Constitution 1901, Section 125.

H.R. 108          By Mr. Harris.

Be It Resolved By The House Of Representatives that the Justices of the Supreme Court of Alabama or a majority of them are hereby requested to render this body their written opinion on the following constitutional questions relating to the bill:

By Mr. Harris

H. 101

To declare and enact that Federal Rent Control, 50 U.S.C.A.Appendix, § 901 et seq., is no longer necessary in the State of Alabama or any part thereof, and to pro-

vide that the Secretary of State of the State of Alabama shall notify the Federal Housing Expediter of the passage of this Act.

### Facts.

1. The enrolled bill was signed by the presiding officers of the two Houses on July 19, 1949.

2. Said bill was received by the Governor's office July 19, 1949, at 11:05 a. m.

3. The House of Representatives met pursuant to adjournment at 10 o'clock a. m., on Tuesday, July 26, 1949.

4. The House adjourned at 4:10 p. m., Tuesday, July 26, 1949, until Friday, July 29, 1949, at 9 o'clock a. m.

5. The Governor's Message, returning the bill with an executive amendment was handed to the Clerk of the House at his desk in the Hall of the House of Representatives by the Governor's Legal Adviser at 4:14 p. m., July 26, 1949.

6. The Governor's Message containing the executive amendment was read on Friday, July 29, 1949, and ordered held by the Clerk of the House.

### Questions.

1. Has House Bill 101 become a law as provided by Section 125 of the Constitution of Alabama of 1901, the Governor's suggested amendment to the contrary notwithstanding?

### Or.

2. Should the House proceed to reconsider the bill with the suggested executive amendment?

3. If question 1 is answered in the affirmative, should the Clerk of the House deliver the enrolled bill to the Secretary of State?

To the Members of the Alabama House of Representatives, Montgomery.

Sirs:

■ In response to Resolution 108 we submit the following:

In pertinent part section 125 of the 1901 Constitution of Alabama provides:

"If any bill shall not be returned by the governor within six days, Sunday excepted, after it shall have been presented, the same shall become a law in like manner as if he had signed it, unless the legislature, by its adjournment, prevent the return, in which case it shall not be a law; but when return is prevented by recess, such bill must be returned to the house in which it originated within two days after reassembling, otherwise it shall become a law."

■ On the questions involved in your inquiry, Mr. Justice Sayre in the case of State, ex rel. Crenshaw, et al. v. Joseph, et al., 175 Ala. 579, 57 So. 942, 944, Ann. Cas.1914D, 248, stated the rules as follows:

"The authorities are unanimous in holding that the adjournment of the Legislature contemplated in the quoted clause of the Constitution is a final adjournment. It seems necessary, also, to hold that the limit of time during the session—that is, where there has been no final adjournment—within which the Governor shall return a bill in order to prevent it becoming a law without his approval and signature, or, perhaps, it would better express the intent of the provision to say the period of time during which the Governor has the right to consider a bill without its becoming a law independently of him, must be measured by calendar days; for otherwise there would be no reason for excepting Sundays, on which day it is not the practice of legislative bodies in this country to sit for the business of legislation. When occasionally Legislatures have found it convenient or necessary to extend their sessions over into Sunday, it has been treated as an extension of the previous day. But the sixth must be a legislative day also; for the Governor has six days in which he may consider the bill, and the requirement is that the bill, in case it be not approved, be returned to the house in which it originated. No congregation of the members of a house can, in a constitutional sense, constitute the House during the period of a recess, or exercise any of its constitutional functions. Nor can the return be made to any officer of the House when it is not in session. As was aptly said by Gov. Jones in a message to the Senate in 1893: 'A message from the executive to either branch of the Legislature, delivered to an officer of the body, who may not even be a member, and when

it is not in session, for transmission and delivery to "the House" when it shall reconvene, is an anomaly in parliamentary law. Messages from the executive to either branch of the General Assembly are invariably delivered to the House while in session, and not to the officers for them. Such has been the immemorial usage, and the same custom obtains concerning messages from one house to the other. There is neither parliamentary nor statute law which confers any functions upon the secretary or clerk of either house, while they are in recess, concerning the reception of messages from the other house or from the executive. Parliamentary law absolutely divorces clerks and secretaries from such functions, and is so exacting in this regard that one house will not receive a message from the other if the house sending the message is not in session. Indeed, it would seem that the express language of the Constitution, which requires the return "to the House," would repeal any parliamentary or statute law or custom, if such had obtained, whereby the return might be made to the clerk or secretary of the House, while it was not in session, for delivery to it when it reconvenes.'—Sen.Jour.1892–93, 304–310. Like considerations, and others arising out of the fact that during the period of a recess the Governor may find it exceedingly inconvenient, if not impossible, to communicate with the presiding officers of the houses, not to mention the element of unseemliness which may find its way into such an effort, lead to the conclusion that a bill may not be returned to the Speaker of the House or the presiding officer of the Senate in recess. So, then, a bill must be returned to the House while in session, which is to say that the sixth and last day during which the Governor may retain a bill without its becoming a law, if he sees fit to exercise his right of examination to the utmost, must be a legislative day. We conclude, also, that if the house in which a bill originated is in session on the sixth day after a bill has been presented to the Governor, so that the Governor has then an opportunity to return the bill, and there is a failure to return it, his constitutional right to return is exhausted. Any other rule would lead to the result that,

with the daily passage of bills originating in either house, the limitation of time would be ineffectual, unless the Legislature should each day remain in session until the last minute of the day—a result not contemplated, of course. But where a return is prevented by recess—an adjournment, not final, but for more than a day—the two days after the reassembling in which the bill may be returned must of necessity be legislative days. On one the house reassembles as an organized body; on the other the bill may be returned to the house so organized."

It is therefore clear from the foregoing that the Governor's constitutional right to return the bill to the house from which it originated expired with the recess of that body on July 26, 1949, at 4:10 p. m.

Your inquiries numbered 1 and 3 are answered in the affirmative, and inquiry numbered 2 in the negative.

Respectfully submitted,

(Signed) ARTHUR B. FOSTER

(Signed) J. ED. LIVINGSTON

(Signed) THOMAS S. LAWSON

(Signed) DAVIS F. STAKELY

Associate Justices.