PER CURIAM.
Supreme Court of Florida Tallahassee
June 2, 1961
Honorable Farris Bryant
Governor of the State of Florida
Tallahassee, Florida
Dear Governor:
We have the honor to acknowledge your communication of June 2, 1961, submitting to us under Section 13, Article IV of the Florida Constitution, F.S.A., a request for our advice relating to your executive powers and duties.
According to your letter, the problems with which you are faced stem from the fact that on Saturday May 27, 1961, the Legislature conveyed to your office for executive consideration, numerous bills which had cleared the legislative process, subject to your action as Governor. When your letter for advice was prepared, it was surmised that the 1961 Legislature would adjourn before midnight Friday June 2. We now judicially know that the Legislature did adjourn sine die at noon this date.
*197 You point to Article III, Section 28, Florida Constitution, which reads as follows:
“Every bill that may have passed the Legislature shall, before becoming a law, be presented to the Governor; if he approved it he shall sign it, but if not he shall return it with his objections to the House in which it originated, which House shall cause such objections to be entered upon its Journal, and proceed to reconsider it; if, after such reconsideration, it shall pass both Houses by a two-thirds vote of members present, which vote shall be entered on the Journal of each House, it shall become a law. If any bill shall not be returned within five days after it shall have been presented to the Governor,, (Sunday excepted) the same shall be a law, in like manner as if he had signed it. If the Legislature, by its final adjournment prevent such action, such bill shall be a law, unless the Governor within twenty (20) days after the adjournment, shall file such bill with his objections thereto, in the office of the Secretary of State, who shall lay the same before the Legislature at its next session, and if the same shall receive two-thirds of the votes present it shall become a law.” (Emphasis added)
In the light of the factual background and the constitutional provision from which we have quoted, and particularly in view of the language thereof which we have emphasized, you have presented to us for answer the following inquiry:
“Assuming that the Legislature does adjourn before midnight on Friday, June 2, will I have twenty days after Friday, June 2, within which to act upon bills which reached my office on or after Saturday, May 27 ? ”
Your question is answered in the affirmative.
Although there is some slight divergence of views among the courts which have considered similar problems, we prefer to adhere to what appears to us to be the best rule which we briefly summarize herewith.
In computing the time allowed for the approval or disapproval of a bill by the Governor, the general rule is that the day of presentation is excluded and the last day of the specified period is included. 50 Am. Jur., Statutes, page 113, Section 170. This is consistent with the general rule which we have adopted in Florida for the computation of time within which a particular act is to be accomplished. The courts of several sister states have, under constitutional provisions similar to our own, adhered to the same rule. State ex rel. Hebert v. Hall, 1958, 228 Ark. 500, 308 S.W.2d 828; Lewis v. Cozine, 1930, 234 Ky. 781, 29 S.W.2d 34.
Applying the foregoing rule for the measurement of time to the situation which you have presented, it is obvious that Saturday, May 27, 1961, should not be included as a part of the constitutional five day period allowed to the Governor for executive action. By the language of the Constitution itself, Sunday May 28, 1961, is specifically excepted from the five day period. This mathematically leads us to the fact that the first “day” of the five day period referred to in Article III, Section 28, supra, began at 12:01 A.M., Monday, May 29, 1961, and the final day of the five day period would have expired at midnight June 2, 1961. The Legislature, by its final adjournment at noon June 2, 1961, interrupted the continuity of this constitutional five day period. The result is that you were prevented from returning any of the bills in question to the House of origin after noon June 2, 1961.
In view of the circumstances last delineated the final adjournment of the Legislature at the time stated brought into play that portion of Article III, Section 28, supra, which allows to the Governor, twenty days after final adjournment within which to consider appropriate action on pending bills.
*198 We summarize the foregoing by advising you in conclusion that any bills passed by the Legislature and presented to you for consideration during and after Saturday, May 27, 1961, will remain subject to executive action by you for a period of twenty days after the final adjournment of the Legislature.
Respectfully,
ELWYN THOMAS, Chief Justice.
GLENN TERRELL, B. K. ROBERTS, CAMPBELL THORNAL, T. FRANK HOBSON, E. HARRIS DREW, STEPHEN C. O’CONNELL, Justices.