OPINION OF THE JUSTICES TO THE GOVERNOR.

*Constitutional Law*, Governor, Veto, Opinions of the Justices.  *Governor.*

A request by the Governor to the Justices under Part II, c. 3, art. 2, of the Massachusetts Constitution, as appearing in art. 85 of the Amendments, for an opinion as to the constitutionality of a bill laid before him under Part II, c. 1, § 1, art. 2, of the Constitution does not extend the five day period allowed him for consideration of the bill.

On September 16, 1967, the Justices submitted the following answers to questions propounded to them by the Governor.

To His Excellency, the Governor of the Commonwealth:

The Justices of the Supreme Judicial Court respectfully submit these answers to the first question contained in the request of the Governor dated September 13, 1967, for an advisory opinion relating to a bill, House No. 5000, pending before him. A copy of the bill was transmitted with the order. The bill is entitled, "An Act apportioning representatives to the several counties of the Commonwealth and providing that each representative shall represent an equal number of inhabitants, as nearly as may be." The request recites that the Governor is "of the opinion that . . . [the] bill violates the Constitution of the Commonwealth"; that the bill, following an opinion of the Attorney General dated August 11, 1967, questioning its constitutionality, had been returned to the General Court without the approval of the Governor and with suggestions for amendments; and that the Legislature has not seen fit to adopt such amendments.

The bill provides in detail for the apportionment of representatives until the next decennial apportionment (see § 3). There is in § 1 a preamble indicating the general intention of the Legislature that "the members of the house of representatives shall be apportioned in a fair and non-

discriminatory manner,'' that ''the districts shall be so
established that they will be as nearly equal in population
as is practicable,'' and that there shall be applied the so-
called principle of ''one-man, one vote'' reflected in certain
recent decisions of the Supreme Court of the United States.
The preamble asserts that ''the constitution of Massachu-
setts calls for each representative to represent an equal
number of 'legal voters,' while the United States Supreme
Court has decreed in effect that each representative shall
represent an equal number of 'inhabitants.' '' It is un-
necessary now to state further details of the bill.

The questions are:

''First. Does the request for an opinion directed by
the Governor to Your Honorable Bodies pursuant to
Chapter 3, Article 2 of Part the Second of the Constitu-
tion of this Commonwealth relative to a bill placed be-
fore him for his revisal by the Legislature serve to ex-
tend, toll or otherwise modify the five day period after
presentment of a bill pursuant to Chapter 1, Section 1,
Article 2 of Part the Second of said Constitution,[1] within

---

[1] This provision reads, ''No bill or resolve of the senate or house of repre-
sentatives shall become a law, and have force as such, until it shall have been
laid before the governor for his revisal; and if he, upon such revision, approve
thereof, he shall signify his approbation by signing the same. But if he
have any objection to the passing of such bill or resolve, he shall return the
same, together with his objections thereto, in writing, to the senate or house
of representatives, in whichsoever the same shall have originated; who shall
enter the objections sent down by the governor, at large, on their records, and
proceed to reconsider the said bill or resolve. But if after such reconsidera-
tion, two thirds of the said senate or house of representatives, shall, notwith-
standing the said objections, agree to pass the same, it shall, together with the
objections, be sent to the other branch of the legislature, where it shall also
be reconsidered, and if approved by two thirds of the members present, shall
have the force of a law: but in all such cases, the votes of both houses shall
be determined by yeas and nays; and the names of the persons voting for, or
against, the said bill or resolve, shall be entered upon the public records of
the commonwealth. And in order to prevent unnecessary delays, if any bill or
resolve shall not be returned by the governor within five days after it shall
have been presented, the same shall have the force of a law.'' See art. 56 of
the Amendments which reads, ''The governor, within five days after any bill
or resolve shall have been laid before him, shall have the right to return it to
the branch of the general court in which it originated with a recommendation
that any amendment or amendments specified by him be made therein. Such
bill or resolve shall thereupon be before the general court and subject to
amendment and re-enactment. If such bill or resolve is re-enacted in any form
it shall again be laid before the governor for his action, but he shall have no
right to return the same a second time with a recommendation to amend.''

which such bill must be acted upon by the Governor or have the force of a law by operation of said Constitution?

"Second. If your answer to the first question is in the affirmative, how shall the period within which the Governor may return a bill or resolve pursuant to Chapter 1, Section 1, Article 2 of Part the Second of the Constitution of the Commonwealth be computed when such an Opinion of Your Honorable Bodies is requested by the Governor?

"Third. Would House Bill 5000 if enacted into law, violate the provisions of Article XXI of the Amendments of the Massachusetts Constitution, more specifically those which provide for apportioning House seats 'to the several counties of the Commonwealth, equally, as nearly as may be, according to their relative number of legal voters'?

"Fourth. Does Article XXI of the Amendments of the Massachusetts Constitution conflict with the provisions of the Constitution of the United States?

"Fifth. If the answer to the immediately preceding question is in the affirmative, does said House Bill 5000 conform to the requirements of the United States Constitution and also to those of the Massachusetts Constitution (insofar as these may still be compatible with the United States Constitution)?"

It is appropriate for us to answer at this time only the first question. No answer to the second question is required in view of our answer to the first question. The fourth and fifth questions present constitutional issues of great difficulty. The Justices are of opinion that answers to these questions should not be given without full deliberation or without receiving briefs from interested persons, including those engaged in proceedings now pending in the Supreme Judicial Court for Suffolk County. These proceedings present most of the questions discussed in the Governor's request. It will be impossible for the Justices to complete such deliberation, or to obtain such briefs, within the five day period allowed to the Governor for con-

sideration of a bill placed before him, pursuant to the Constitution of the Commonwealth, Part II, c. 1, § 1, art. 2. See also arts. 1 and 56 of the Amendments of the Constitution. Accordingly, this answer to the first question only is now submitted separately because of the possibility that this answer may be of assistance in dealing with the problems disclosed by the request.

The constitutional provision just mentioned contains no express provision for any extension of the time for the Governor's consideration of a measure because of his request for the advice of the Justices. Indeed, prior to the adoption in 1964 of art. 85 of the Amendments, the Governor, by himself without the participation of the Council (see Constitution of the Commonwealth, Part II, c. 3, art. 2), could not have required the opinions of the Justices. There is no basis for inserting by implication, in the provision affording the Governor alone five days for considering a measure laid before him, any extension of the five day period to obtain an opinion which he once could not require without the consent of the Council. The five day period heretofore has been interpreted with strictness by this court and in Opinions of the Justices. In *Opinion of the Justices,* 291 Mass. 572, 576, the Senate was advised that the five day period does not include Sundays and legal holidays, and it was said, "The time allotted to . . . [the Governor] by the Constitution for the performance of that weighty duty cannot be abbreviated or lengthened by the legislative department of government. The words defining that time are to be given a construction in conformity to the broad purpose of the instrument in which they were used." See *Tuttle* v. *Boston,* 215 Mass. 57, 60, where it was held that the power of veto could not be exercised on the last of the five days, where the Governor had given no notice of intention to make any communication to the Legislature or its clerk and a veto message was transmitted "after the branch of the Legislature in which the bill originated had adjourned for the day, and after the usual and reasonable time for closing the office of its clerk had come,

and after it in truth was closed and no one was there
. . . .'' It was also said (at pp. 59–60) that the power of
veto is ''conferred by the Constitution itself. It cannot be
narrowed or cut down in any respect by the legislative de-
partment. The time within which it is to be exercised un-
der the Constitution cannot be lessened, directly or indi-
rectly, by the Legislature. So long as the veto power is
exercised within the limits prescribed by the Constitution,
it is effective. But the extraordinary character and far
reaching consequences of the act of veto are some indica-
tion of a necessity that it shall be exercised with a regular-
ity and orderliness commensurate with its importance.''
See also *Opinion of the Justices,* 334 Mass. 765, 770–771.

We conclude that a request by the Governor for an opin-
ion of the Justices does not operate to extend the five day
period. Our answer to the first question is ''No.''

In view of our answer to the first question it is not now
apparent that House No. 5000 will be pending before the
Governor or either house of the Legislature after the ex-
piration of the five day period for action by the Governor,
or that, if recalled by the Legislature for further considera-
tion, it will again be placed before the Governor in its pres-
ent form. In any event, our further consideration of the
three remaining questions, and our power and duty to con-
sider them may be affected by whatever action is taken by
the Governor and the Legislature during the five day period
and thereafter.

Mr. Justice Spiegel by reason of brief absence from
the Commonwealth has been unable to participate in this
opinion.

RAYMOND S. WILKINS
JOHN V. SPALDING
ARTHUR E. WHITTEMORE
R. AMMI CUTTER
PAUL G. KIRK
PAUL C. REARDON