423 So.2d 305 (1982)
Ex parte State of Alabama.
(Re: STATE of Alabama
v.
William Sanford ELEY II).
82-98.
Supreme Court of Alabama.
December 17, 1982.
Charles A. Graddick, Atty. Gen., and James H. Evans, Dist. Atty., and Joseph G.L. Marston, Asst. Atty. Gen., for petitioner.
Edward B. Parker, II and Maury Smith, Montgomery, for respondent.
Oakley Melton, Jr., and William J. Samford, Jr., Legal Advisor to Governor, Montgomery, for amicus curiae Fob James, Governor of the State of Alabama.
James W. Webb of Webb, Crumpton & McGregor, Montgomery, for amicus curiae Ass'n of County Com'rs of Alabama.
PER CURIAM.
WRIT DENIED. NO OPINION.
TORBERT, C.J., and JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ. concur.
MADDOX and FAULKNER, JJ., dissent with opinion.
*306 MADDOX, Justice (dissenting).
I would grant the writ to review the opinion of the Court of Criminal Appeals, 423 So.2d 303, insofar as it holds that Sundays are not excluded from the ten-day period allowed the Governor under § 125. By dissenting, I should not be understood as saying that the opinion is incorrect in this regard, but I think the petitioners present a sufficient legal question that we should grant the writ to review the opinion of the Court of Criminal Appeals, even if we should later affirm it.
FAULKNER, Justice (dissenting).
I dissent from the majority's decision to deny the writ. I would grant the writ.
The principal issue presented here is whether Senate Bill 60, subsequently designated Act 82-860, was duly signed and delivered by the Governor. The Court of Criminal Appeals held that the Act did not pass constitutional muster under Article V, Section 125, Constitution. The pertinent provision of § 125 in this case is:
"... bills presented to the governor within five days before final adjournment of the legislature may be approved by the governor at any time within ten days after such adjournment, and if approved and deposited with the secretary of state within that time shall become law."
The Court of Criminal Appeals held:
"... We perceive that the pertinent language of Section 125, hereinabove quoted, is plain, clear, and distinct; there is no doubt, ambiguity, or uncertainty as to the meaning. Consequently, the language must be accepted as written, there being no reason or justification by the court for construction either by way of deletion, addition, or interpolation...."
I perceive that the Court of Criminal Appeals, and the majority of this Court by denying certiorari to review that Court's decision, are running the ship of state too strictly, and too narrowly.
It is undisputed that Act 82-860 passed the Senate on August 11, 1982, and passed the House on August 13. It was presented to the Governor on August 13 the same date that the legislature adjourned. This Act, along with 108 other Acts, was approved and signed by the Governor on August 22, and deposited with the Secretary of State on August 25. As I interpret § 125, August 25 was within the Constitutional time limit. In the same sentence as the portion of § 125 that I have quoted, appears this language:
"If any bill shall not be returned by the governor within six days, Sunday excepted, after it shall have been presented, the same shall become a law in like manner as if he had signed it...."
The Court of Criminal Appeals held that the "Sunday excepted" provision is "separated from the remainder of the sentence by a semicolon," and therefore, "if the framers had also intended to exempt Sundays" they would have specifically so provided.
It goes without saying, that § 125 could have been written more grammatically correct, but surely, if, in the very same sentence, the framers excepted Sunday in the six-day provision, they would not have included Sundays in the 10-day provision. The logical conclusion is that the Sundays, August 15 and August 22, should have been excepted from the 10-day provision of § 125 in this case.
The six-day provision of § 125 was considered in In re Opinion of the Justices, 252 Ala. 541, 42 So.2d 27 (1949). There the Justices opined that if the sixth day fell on a Sunday, then the sixth must be the next legislative day. In other words, the "six days" in the Constitution means legislative days. I take judicial notice that the Alabama Legislature does not meet on Sundays.
I contend that the 109 Acts signed by the Governor on August 22 and deposited with the Secretary of State on August 25 met § 125 muster. A simple example proves my contention. Suppose the legislature adjourned on a Thursday; the 10th day following adjournment would be on a Sunday. Can it be intelligently assumed that the office of the Secretary of State would be *307 open on that Sunday to receive the Acts signed by the Governor?
I would grant the writ.