1999 SD 27

**In re Request of Governor William J. JANKLOW for an Advisory Opinion Concerning the Interpretation Of South Dakota Constitution Article IV, Section 4.**

**No. 20920.**

Supreme Court of South Dakota.

ORIGINAL PROCEEDING

Request Received Feb. 22, 1999.

Decided Feb. 25, 1999.

---

TO HIS EXCELLENCY, WILLIAM J. JANKLOW, THE GOVERNOR OF THE STATE OF SOUTH DAKOTA

 [¶ 1.] Pursuant to the authority vested in the Governor under Article V, § 5 of the South Dakota Constitution, you have requested an opinion of the Supreme Court on an important question of law concerning Article IV, § 4 of the constitution and the computation of time for the Governor to act to either sign a bill or fail to veto a bill. We believe this request constitutes a solemn occasion in which we should provide an advisory opinion, *In re Janklow*, 530 N.W.2d 367, 369 (S.D.1995), and that the matter has a degree of urgency as the state legislature is currently in session.

[¶ 2.] Article IV, § 4 of the South Dakota Constitution provides in part that:

Whenever the Legislature is in session, any bill presented to the Governor for signature shall become law when the Governor signs the bill or fails to veto the bill within five days of presentation.[1]

Your specific question regarding interpretation of this provision is:

Does the phrase 'within five days of presentation' as found in Article IV, § 4, mean five consecutive twenty-four hour periods starting the minute my office receives the enrolled bill or the calculation of time found at SDCL 15–6–6(a) or some other combination of days or hours?

[¶ 3.] This question is one of first impression in this state; however, similar issues have been addressed in other jurisdictions. *See* Annotation, *Computation of time allowed for approval or disapproval of bill by governor*, 54 ALR 339 (1928). The general consensus of the jurisdictions having addressed the question is that, absent express provision to the contrary, the days are counted as calendar days of twenty-four hours each. *Redmond v. Ray*, 268 N.W.2d 849, 854 (Iowa 1978); *In re Opinion of the Justices*, 252 Ala. 541, 42 So.2d 27, 29 (1949); *McAlester v. Oklahoma Tax Commission*, 174 Okla. 322,

---

1. In its entirety, this section provides as follows: Whenever the Legislature is in session, any bill presented to the Governor for signature shall become law when the Governor signs the bill or fails to veto the bill within five days of presentation. A vetoed bill shall be returned by the Governor to the Legislature together with his objections within five days of presentation if the Legislature is in session or upon the reconvening of the Legislature from a recess. Any vetoed bill shall be reconsidered by the Legislature and, if two-thirds of all members of each house shall pass the bill, it shall become law.

Whenever a bill has been presented to the Governor and the Legislature has adjourned or recessed within five days from presentation, the bill shall become law when the Governor signs the bill or fails to veto it within fifteen days after such adjournment or recess.

The Governor may strike any items of any bill passed by the Legislature making appropriations. The procedure for reconsidering items struck by the Governor shall be the same as is prescribed for the passage of bills over the executive veto. All items not struck shall become law as provided herein.

Bills with errors in style or form may be returned to the Legislature by the Governor with specific recommendations for change. Bills returned shall be treated in the same manner as vetoed bills except that specific recommendations for change as to style or form may be approved by a majority vote of all the members of each house. If the Governor certifies that the bill conforms with his specific recommendations, the bill shall become law. If the Governor fails to certify the bill, it shall be returned to the Legislature as a vetoed bill.

50 P.2d 647, 649 (1935). The leading case in support of this rule is *Okanogan Indian Tribes v. United States*, 279 U.S. 655, 49 S.Ct. 463, 73 L.Ed. 894 (1929), commonly referred to as "The Pocket Veto Case." Therein, the United States Supreme Court, interpreting a Constitutional provision similar to the one at issue here, declined to adopt counsel's suggestion to construe "days" as days the legislature is in session rather than "calendar days." The Court stated:

> The words used in the Constitution are to be taken in their natural and obvious sense, and are to be given the meaning they have in common use unless there are very strong reasons to the contrary. The word 'days,' when not qualified, means in ordinary and common usage calendar days. This is obviously the meaning in which it is used in the constitutional provision, and is emphasized by 'Sundays' are excepted. There is nothing whatever to justify changing this meaning by inserting the word 'legislative' as a qualifying adjective.

279 U.S. at 679, 49 S.Ct. at 466, 73 L.Ed. at 898 (internal citations omitted).

[¶ 4.] In computing the five-day period, the day of presentment, regardless of time of day, is universally excluded from computation and the last day of the time period is included. *Advisory Opinion to the Governor*, 131 So.2d 196, 197 (Fla.1961); *State ex rel. Hebert v. Hall*, 228 Ark. 500, 308 S.W.2d 828, 829 (1958); *McAlester*, 50 P.2d at 649; *Lewis v. Cozine*, 234 Ky. 781, 29 S.W.2d 34, 36 (1930). "A 'day,' in this sense, begins at 12 o'clock midnight, and extends through 24 hours to the next 12 o'clock midnight." *State ex rel. State Pharmaceutical Ass'n v. Michel*, 27 So. 565, 567 (La.1900); Black's Law Dictionary 396 (6th ed 1990). Although most states' constitutional provisions expressly exclude Sundays, where the question was raised as to legal holidays, courts have declined to exclude holidays, concluding their constitutions should not be expanded beyond what the plain language provides. *State ex rel. Putnam v. Holm*, 172 Minn. 162, 215 N.W. 200, 202 (1927).

[¶ 5.] When interpreting a constitutional provision, we are guided by the following rules of construction:

First and foremost, the object of construing a constitution is to give effect to the intent of the framers of the organic law and of the people adopting it. *Schomer v. Scott*, 65 S.D. 353, 274 N.W. 556, 559 (1937); *State v. Jorgenson*, 81 S.D. 447, 136 N.W.2d 870, 875 (1965). The Supreme Court has the right to construe a constitutional provision in accordance with what it perceives to be its plain meaning. *State v. Neville*, 346 N.W.2d 425, 428 (S.D.1984). When words in a constitutional provision are clear and unambiguous, they are to be given their natural, usual meaning and are to be understood in the sense in which they are popularly employed. *Kneip v. Herseth*, 87 S.D. 642, 214 N.W.2d 93, 102 (1974). If the meaning of a term is unclear, the Court may look to the intent of the drafting body. *Cummings v. Mickelson*, 495 N.W.2d 493, 499 (S.D.1993).

*Poppen v. Walker*, 520 N.W.2d 238, 242 (S.D. 1994).

[¶ 6.] Article IV, § 4 was amended in 1972. The amendment is instructive and directly relates to the issue before us as it, *inter alia*, extended the time allowed for vetoing a bill from three days (Sundays excepted) to five days whenever the Legislature is in session and extended the time period from ten to fifteen days after the Legislature has recessed or adjourned. The drafters of the amendment struck the Sunday exception entirely but elected not to modify the word "days" with "legislative." The electors of this state approved the amendment on November 7, 1972. Our duty is to construe the amendment giving effect to the intent of the drafters and the people adopting it. *Id.; see Opinion of the Justices*, 673 A.2d 1291, 1297 (Me.1996) ("In construing the Constitution, we seek the meaning that the words would convey to an intelligent, careful voter.").

[¶ 7.] We also construe terms in a constitutional provision *in pari materia*. "That rule of construction supposes that all enactments are intended to be harmonious in their several provisions." *Poppen*, 520 N.W.2d at 247 (citing *Sales Tax Liability of Valley Queen Cheese*, 387 N.W.2d 39, 41 (S.D.1986)). Applying this rule of construc-

tion, we note that Article III, § 6, setting forth the number of days in a session of the Legislature, refers specifically to "legislative days." *See generally* 1963–64 Report of Attorney General at 6 (concluding the word "legislative" in Article III, § 6 was surplusage because otherwise the phrase "excluding Sundays, holidays and legislative recess" in the provision would not be necessary). Again, the drafters of the amendment to Article IV, § 4 could have added the word "legislative" to modify "days" if that was their intent or they could have expressly excluded any other day. "The framers of the Constitution use words in their natural sense and fully intend what they say." *Kneip*, 87 S.D. 642, 214 N.W.2d at 102 (citing *Schomer v. Scott*, 65 S.D. 353, 274 N.W. 556 (1937)). The constitutional provision does not limit its provisions to "legislative days" or expressly exclude any days, and not being so limited, the language used should be construed to mean calendar days.

▮▮ [¶ 8.] We conclude that the five-day time period provided in Article IV, § 4 of the South Dakota Constitution means five calendar days, and does not provide for the exclusion of Sundays or legal holidays from the computation of this time period. We further

conclude, and join the jurisdictions holding with the general rule, that the day of presentment is to be excluded from computation while the last day is to be included. Thus, the running of the five days begins at 12:01 a.m. on the day following the day of presentment and concludes at midnight of the fifth day.[2]

[¶ 9.] Respectfully submitted this 25th day of February, 1999.

Chief Justice Robert A. Miller
CHIEF JUSTICE ROBERT A. MILLER
Justice Richard W. Sabers
JUSTICE RICHARD W. SABERS
Justice Robert A. Amundson
JUSTICE ROBERT A. AMUNDSON
Justice John K. Konenkamp
JUSTICE JOHN K. KONENKAMP
Justice David Gilbertson
JUSTICE DAVID GILBERTSON

---

2. The calculation of time provided by SDCL 15–6–6(a) pertaining to rules of procedure in circuit courts is not applicable to the calculation of time provided by constitutional provision. The statute expressly provides it applies to computing periods of time allowed by SDCL ch 15–6, by court order, or any applicable statute. Procedural statutes are to be strictly construed, *Sudbeck v. Dale Electronics, Inc.*, 519 N.W.2d 63, 67 (S.D. 1994), and will not be read to apply where not expressly so provided. *See also Opinion of the Justices*, 353 Mass. 785, 229 N.E.2d 715, 717 (1967) ("The time allotted to [the Governor] by the Constitution for the performance of that weighty duty cannot be abbreviated or lengthened by the legislative department of government."); 82 CJS *Statutes* § 49 (1953) (constitutional provisions limiting the time within which the chief executive must act regarding approval or veto of a bill are mandatory and may not be changed by the legislature).