IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ELIZABETH IMBRAGULIO, | § | |
| | § | No. 196, 2019 |
| Appellant/Cross-Appellee, | § | |
| | § | |
| v. | § | |
| | § | |
| UNEMPLOYMENT INSURANCE | § | |
| APPEALS BOARD, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| Cross-Appellant, | § | |
| | § | C.A. No. S19A-01-001 |
| v. | § | |
| | § | |
| CIVIC HEALTH SERVICES, LLC, | § | |
| | § | |
| Appellee/Cross-Appellee. | § | |
| | § | |

Submitted: September 6, 2019
Decided: December 4, 2019

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

Upon appeal from the Superior Court. **REMANDED**.

Elizabeth Imbragulio, *pro se*, Seaford, Delaware.

Tasha Marie Stevens, Esquire, Fuqua, Willard, Stevens & Schab, P.A., Georgetown, Delaware, *Counsel for Appellee/Cross-Appellee*.

Daniel C. Mulveny, Esquire, Department of Justice, Wilmington, Delaware, *Counsel for Cross-Appellant*.

**TRAYNOR**, Justice:

Elizabeth Imbragulio appeals the Superior Court's May 1, 2019 decision that reversed the decision of the Unemployment Insurance Appeals Board ("the Board") and concluded that she had been terminated for just cause by her employer, Civic Health Services, LLC ("Civic Health"). The Board cross-appeals, arguing that the Superior Court lacked jurisdiction to consider Civic Health's appeal in the first instance because it was not filed in a timely manner. In brief, the issue raised by the cross-appeal is whether Superior Court Civil Rule 6(a)'s method for computing time applies to the requirement in 19 *Del. C.* § 3323(a) that a party seeking judicial review of a decision by the Board must do so within ten days after the decision becomes final. After careful consideration, we agree with the Board that it does not and therefore conclude that the Superior Court did not have jurisdiction over Civic Health's appeal. Accordingly, we direct the Superior Court to vacate its judgment.

**I**

In 2018, Imbragulio was employed by Civic Health as a part-time delivery driver and cleaner. On July 23, 2018, Civic Health accused Imbragulio of soliciting customers as well as working for a competing pharmacy and warned her that doing so was in violation of company policy. Civic Health fired Imbragulio for violating this policy the following day, on July 24, 2018.

On September 4, 2018, a claims deputy concluded that Imbragulio was not entitled to unemployment benefits because Civic Health had discharged her with just cause. Imbragulio appealed the claims deputy's decision, and an appeals referee held a hearing on the matter on September 24, 2018.

In a written decision mailed September 25, 2018, the appeals referee overturned the claims deputy's decision. The appeals referee found that the evidence did not support a finding of willful or wanton misconduct on Imbragulio's part in light of (i) the contested facts concerning the nature and extent of Civic Health's warning and (ii) Civic Health's failure to present evidence of a company policy. After a hearing, the Board affirmed the appeals referee's decision in a written decision mailed on December 12, 2018. The decision noted that it would become final on December 22, 2018.

On January 7, 2019, sixteen calendar days after the Board's decision became final, Civic Health appealed the Board's decision to the Superior Court. The Superior Court found, as a matter of law, that Imbragulio's conduct justified her immediate termination without notice.[1] Imbragulio's appeal to this Court and the Board's cross-appeal followed.

---

[1] *Civic Health Servs., LLC v. Imbragulio*, 2019 WL 1941474, at *2 (Del. Super. Ct. May 1, 2019).

## II

In her opening brief on appeal, Imbragulio claims that the evidence presented below was insufficient to support a finding that she solicited for another pharmacy or profited from any customer's move to another pharmacy. Civic Health argues that the Superior Court's judgment should be affirmed. The Board takes no position on the merits of the Superior Court's decision.

On cross-appeal, the Board argues that Civic Health's appeal was untimely because Civic Health was required to file its appeal within ten days, as provided by 19 *Del. C.* § 3323(a).[2] The Department of Labor, when computing time under Title 19, chapter 33, uses calendar days,[3] unless the last day of the time frame is a Saturday, Sunday, or a holiday, in which case the next business day is considered the deadline.[4] Following the Board's logic, a timely appeal of the Board's decision had to be filed on or before January 2, 2019.[5] Imbragulio joins in the Board's argument.

---

[2] 19 *Del. C.* § 3323(a) ("Within 10 days after the decision of the … Board has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in the Superior Court ….").

[3] *See In re Janklow*, 589 N.W.2d 624, 625 (S.D. 1999) (citing *Okanogan Indian Tribes v. United States*, 279 U.S. 655, 679 (1929) ("The word 'days,' when not qualified, means in ordinary and common usage calendar days.")). *See also Day*, Black's Law Dictionary (9th Ed. 2009) ("1. Any 24-hour period; the time it takes the earth to revolve once on its axis.").

[4] 19 *Del. C.* § 3304.

[5] Because the tenth calendar day was New Year's Day and a State holiday, the appeal would have been due the next business day, or January 2, 2019.

In response, Civic Health contends that Superior Court Civil Rule 6(a)'s method for computing time applies. Rule 6(a) provides, in relevant part, that "[i]n computing any period of time prescribed or allowed by these Rules, by order of court, or by statute, the day of the act, event or default after which the designated period of time begins to run shall not be included…. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and other legal holidays shall be excluded in the computation." Excluding intermediate Saturdays, Sundays, and legal holidays, a timely appeal—if Rule 6(a) applies—needed to be perfected on or before January 8, 2019. Civic Health argues, in the alternative, that the untimeliness of its appeal should be excused because of the manner in which it received notice of the Board's decision.

**III**

"The timely filing of an appeal is mandatory and jurisdictional."[6] Whether a court has subject matter jurisdiction is a question of law that we review *de novo*.[7] Although the Board did not appear in the Superior Court's proceedings—and therefore the Superior Court did not have the opportunity

---

[6] *Draper King Cole v. Malave*, 743 A.2d 672, 673 (Del. 1999) (dismissing an appeal for lack of jurisdiction where an appeal from an Industrial Accident Board to the Superior Court was untimely filed).

[7] *Linn v. Delaware Child Support Enf't*, 736 A.2d 954, 959 (Del. 1999).

5

to consider this argument—a litigant may raise a court's lack of subject matter jurisdiction at any time in the same civil litigation, "even initially at the highest appellate instance."[8]

**IV**

The Board cites our decision in *Williams v. Singleton*[9] in support of its position. In *Williams*, we considered the timeliness of an appeal from a Justice of the Peace Court judgment. The statute conferring jurisdiction over an appeal from a judgment of a Justice of the Peace Court—at that time codified at 10 *Del. C.* § 9578(a)—provided that an appeal could be filed "within 15 days from the day of giving the judgment and not after, counting that day as one."[10] But Williams filed his appeal in the Superior Court. If the day that the Justice of the Peace Court judgment was entered is counted as day one, then Williams filed his appeal sixteen days from the date of judgment. The Superior Court dismissed the appeal as untimely, and Williams appealed, contending that Rule 6(a) governed the matter. We agreed with the Superior Court, holding that:

> It is clear that if the statute governs the matter the appeal was filed too late. …
>
> …

---

[8] *Gunn v. McKenna*, 116 A.3d 419, 420-21 (Del. 2015) (citation omitted).
[9] 160 A.2d 376 (Del. 1960).
[10] The statute has since been amended.

Obviously, if [Rule 6(a)] supersedes the statute the appeal was filed in time.

[Appellant] contends that the rule supersedes so much of the statute as is inconsistent with it, that is, that portion of the statute which provides that the day of the judgment shall be counted as one of the appeal days. Section 9578(a), it is said, is an "applicable" statute within the meaning of the rule.

The answer to this argument is that the Superior Court Rules govern practice and procedure "with respect to the commencement, trial, hearing and determination of civil actions in the *Superior Court.*" 10 *Del. C.* § 561(a). In such matters they supersede any conflicting statute. They are not intended to supersede statutes of the kind here involved, nor could they do so. Section 9578(a) is a jurisdictional statute governing the right of appeal from judgments recovered before a Justice of the Peace. If such a statute is not complied with the appellate court has no jurisdiction. [Citation omitted.] Since the appeal was not filed in time the Superior Court was without jurisdiction to entertain it and Rule 6(a) has no bearing upon the matter.[11]

Civic Health argues that our decision in *Williams* was narrow in scope and limited to the scenario in which the statute conferring jurisdiction contains an explicit computation component in direct conflict with Rule 6(a). In addition, Civic Health points to a number of Superior Court decisions that it claims "read the statute and rule together … to find that it has jurisdiction over appeals that are filed in conformity with the computation [method] found in [Rule] 6(a)."[12] We address these contentions in turn.

---

[11] *Williams*, 160 A.2d at 377-78 (emphasis by the *Williams* Court).
[12] Appellee's Ans. Br. on Cross-Appeal, at p. 6 (citing *Seaford Internal Med., LLC v. Sandoval*, 2019 WL 3202931 (Del. Super. Ct. July 15, 2019), *Spangler v. Unemployment*

7

**A**

Although it is true that the statute conferring appellate jurisdiction on the Superior Court in *Williams* stated that the day of the judgment to be appealed should be counted when calculating the appeal deadline, that direction was not implicated in our determination of whether Rule 6(a) superseded the statute. Instead, our analysis was focused on whether a jurisdictional statute governing the right of appeal to the Superior Court is trumped by the Superior Court's rules. Recognizing that, absent compliance with the statute, the Superior Court has no jurisdiction over the matter, we concluded that the court's rules did not supersede the statute. To put it another way, the rules of the Superior Court do not govern its appellate practice and procedure until the court acquires jurisdiction over the appeal—an event that is contingent upon compliance with the statute conferring that jurisdiction. We fail to see how the statute's direction to include the day of judgment in the counting process influences this conclusion.

---

*Ins. Appeal Bd.*, 2016 WL 1613232 (Del. Super. Ct. Mar. 23, 2016), *Jamison v. Department of Labor*, 2013 WL 5879510 (Del. Super. Ct. Oct. 31, 2013), *Dillmore v. Ulta Beauty Salon*, 2013 WL 5788590 (Del. Super. Ct. Oct. 15, 2013), *Church v. Ferguson*, 2003 WL 21537995 (Del. Super. Ct. May 29, 2003), *Wilkerson v. Schwan's Sales*, 1994 WL 713880 (Del. Super. Ct. Nov. 30, 1994)).

**B**

We turn now to Civic Health's contention that Rule 6(a)—and not 19 *Del. C.* § 3323—should govern the computation of time for the filing of an appeal from the Board because the Superior Court has reconciled the rule and the statute in that manner in "numerous cases." To be sure, the Superior Court has used Rule 6(a)'s method for computing time when determining the timeliness of an appeal from a decision of the Board.[13] But in all but one of those cases, the Superior Court simply made a conclusory determination that Rule 6(a) guided the calculation. There is no indication that a party to any of those appeals argued either that Rule 6(a) did not apply or that our holding in *Williams* was implicated.

Recently, however, in *Seaford Internal Medicine, LLC v. Sandoval*,[14] the Superior Court squarely addressed for the first time the applicability of our holding in *Williams* to the apparent conflict between the rule and statute. The Superior Court concluded that *Williams* was not controlling for various reasons, including that: (i) the specific holding in *Williams* was altered by a subsequent amendment to the jurisdictional statute at issue there; (ii) the *Williams* holding was limited to the circumstance in which a conflicting

---

[13] *See* footnote 12.
[14] 2019 WL 3202931 (Del. Super. Ct. July 15, 2019).

statute "was specific in its direction as to 'counting;'"[15] (iii) the *Williams* holding contradicts the language of 10 *Del. C.* § 561, which permits the Superior Court to regulate practice and procedure through the adoption of rules; and (iv) the Superior Court had, on prior occasions, consistently relied on Rule 6(a) when computing the ten-day appeal time frame contained in 19 *Del. C.* § 3323(a). It is worth noting here that, although the Superior Court determined that our holding in *Williams* did not resolve the conflict, it candidly observed that "the issue is not free from doubt."[16] We are hopeful that our decision today will remove that doubt.

When considered in light of the crux of the holding in *Williams*—that the Superior Court's rules do not apply to an action over which it does not yet have jurisdiction—the court's reasons for sidestepping *Williams* are unavailing. First, the court did not explain how "[t]he specific holding in *Williams* was altered by subsequent statute"[17] or how a subsequent revision of the statute that was under consideration in *Williams* would alter the legal principle that governed its application before it was revised. Second—and as previously mentioned—the specific counting provision in the jurisdictional statute applied in *Williams* did not bear on our analysis of whether the statute

---

[15] *Id.*, at *2.
[16] *Id.*
[17] *Id.*

10

or Rule 6(a) governed the matter; it is the Superior Court's lack of jurisdiction that requires its rule for counting time to give way to the statute that confers its jurisdiction. Third, the court's reliance in *Seaford Internal Medicine* on 10 *Del. C.* § 561 as a basis for giving priority to Rule 6(a) did not account for the fact that this argument appears to have been considered—and explicitly rejected—in *Williams*.[18] And finally, a court's practice cannot confer jurisdiction on the Superior Court where otherwise it does not lie.

To reiterate, the same question considered in *Williams* is presented here: Did the appellant comply with the statute conferring jurisdiction? We conclude that Civic Health did not. Because Civic Health failed to perfect its appeal within ten calendar days after the Board's decision became final as required by § 3323(a), the Superior Court lacked subject matter jurisdiction to entertain the appeal, and its decision is rendered void.

Civic Health's final argument is that, if its appeal is deemed to be untimely, its untimeliness should be excused by the Board's failure to mail a copy of its decision directly to Civic Health's legal counsel. But Civic Health cites no authority for its contention that the Board's mailing of its decision to

---

[18] 160 A.2d at 378 ("[T]he Superior Court rules govern practice and procedure 'with respect to the commencement, trial, hearing and determination of civil actions in the *Superior Court*.' 10 *Del. C.* § 561(a) [emphasis added]. In such matters, they supersede any conflicting statute. They are not intended to supersede statutes of the kind here involved, nor could they do so.").

Civic Health, rather than to its counsel, excuses its failure to comply with 19 *Del. C.* § 3323(a). "When a party fails to perfect his appeal within the … period mandated by statute…, a jurisdictional defect is created which may not be excused in the absence of unusual circumstances which are not attributable to the appellant or the appellant's attorney."[19] There is no evidence that unusual circumstances not attributable to Civic Health or Civic Health's counsel were present in this case.[20]

As a final matter, because we conclude the Superior Court lacked jurisdiction to consider Civic Health's appeal, we cannot consider the merits of Imbragulio's appeal.[21]

**V**

For the foregoing reasons, we conclude that the Superior Court was without jurisdiction to consider Civic Health's appeal. Accordingly, this appeal is dismissed for lack of jurisdiction. We remand the matter to the Superior Court with instructions to vacate its judgment consistent with the

---

[19] *Riggs v. Riggs*, 539 A.2d 163, 164 (Del. 1988).

[20] The record surrounding this contention is unclear. The Board, for its part, asserts that it sent a copy of its decision to Civic Health's legal counsel. Cross-Appellant's Reply Br., at p. 4. And even Civic Health does not allege that its counsel only received a copy of the Board's decision after the appeal period had expired.

[21] *Draper King Cole*, 743 A.2d at 673 ("Since the Superior Court was without jurisdiction to decide [the appellant's] appeal, this Court is without jurisdiction to review the merits of the Superior Court's judgment.").

ruling in this opinion. In the absence of a timely appeal to the Superior Court, the decision of the Board remains final. Jurisdiction is not retained.